**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEVIN ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| C'ERA UNA VOLTA, INC., NICK ) | Judge: |
| DITRAPANI, and SALVATORE ) | |
| TRUPIANO, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiff, KEVIN ANDERSON ("Anderson"), by and through his attorney, Joshua M. Feagans of GRIFFIN | WILLIAMS, LLP, hereby complains of and against Defendants, C'ERA UNA VOLTA, INC. ("CUV"), NICK DITRAPANI ("Ditrapani"), and SALVATORE TRUPIANO ("Trupiano") as follows:

**Summary of the Case**

1. This civil action is brought by Anderson who seeks redress for the violations of his rights under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq. ("IWPCA"), the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL").

**Parties**

2. Plaintiff, Anderson is an individual who resides in Aurora, Illinois.

3. Defendant, CUV is an Illinois Corporation that operates an Italian restaurant located at 558 Randall Road, South Elgin, Illinois 60177.

1

4. Defendant, Ditrapani is an individual who resides at 1544 Stevens Ct., North Aurora, Illinoi 60542.

5. Defendant, Trupiano is an individual who resides at 307 Cassidy Lane, Elgin, IL 60124.

6. Defendants Ditrapani and Trupiano are both owners of CUV.

7. During the course of his employment by Defendants, Anderson handled goods that moved in interstate commerce.

8. Defendant, CUV, is an "enterprise" as defined by Section 203(r)(1) of the FLSA.

9. CUV is an enterprise engaged in commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

10. During the last three years, CUV's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes.

11. Defendants were Anderson's "employer" as defined by the IWPCA, FLSA, and IMWL.

12. Anderson was Defendants' "employee" as defined by the IWPCA, FLSA, and IMWL.

## Jurisdiction and Venue

13. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1337 and 1367.

14. Venue is proper in this District under 18 U.S.C. § 1391 because a substantial part of the events or omission giving rise to the claim occurred in South Elgin, Illinois and because Defendants conduct business in this District.

## Factual Background

15. Anderson was employed by Defendants as a cook from on or about October 15, 2017 through on or about the first week of September 2018.

16. When initially hired, Anderson was compensated at rate of $10.50 per hour.

17. In April 2018, Anderson received a raise of $13.50 per hour.

18. As a cook / employee of Defendants, Anderson was not only responsible for preparing food, but he was also responsible for cleaning the kitchen after the restaurant closes each night, adding about one hour to Anderson's time worked for which he was not scheduled nor paid.

19. As an employee for Defendants, Anderson's regular schedule was as follows:

| | |
|---|---|
| Sunday | 10:00 a.m. – 8:00 p.m. |
| Monday | Off |
| Tuesday | 2:00 p.m. – 9:00 p.m. |
| Wednesday | 2:00 p.m. – 9:00 p.m. |
| Thursday | Off |
| Friday | 12:00 p.m. – 10:00 p.m. |
| Saturday | 12:00 p.m. – 10:00 p.m. |

20. Anderson's regular schedule required him to work 44 hours every week.

21. In addition to Anderson's regular schedule, as directed by Defendants, Anderson would work an additional, unscheduled and unpaid 5 hours a week to clean the kitchen after the restaurant closed each night that he worked.

22. Accordingly, Anderson regularly worked 49 hours every week while employed by Defendants.

23. Anderson received his last paycheck from Defendants on or around July 18, 2018, compensating him for work performed through on or around the first week of July.

24. From April 2018 through the first week of July, approximately 14 weeks, Anderson did not receive any overtime compensation.

25. From the first week of July through the first week of September, approximately 9 weeks, Anderson did not receive regular wages nor any overtime compensation.

26. For the 14 weeks of work from April 2018 through the first week of July 2018, Anderson is owed 56 hours of overtime for which he was only paid regular time in the amount of $378 and 70 hours of overtime for which he was not paid at all in the amount of $1,417.50.

27. For the 9 weeks of work from the first week of July through the first week of September, Anderson is owed 360 hours of regular time pay in the amount of $4,860.00 and 81 hours of overtime pay in the amount of $1,640.25.

28. Anderson is owed a total of $8,295.75 in unpaid wages.

29. Anderson was not exempt from the overtime provisions of the IWPCA, FLSA, and IMWL.

## COUNT I
### Violations of the Illinois Wage Payment and Collection

30. Plaintiff incorporates paragraphs 1 through 29 as though fully restated herein.

31. Defendants were Anderson's employer from on or around October 15, 2017 to on or around the first week of September 2018.

32. Defendants were subject to the provisions of the IWPCA.

33. The amounts due and owing Plaintiff constitute "wages" as that term is defined by Sections 2, 3 and 4 of the IWPCA. 820 ILCS 115/2–4.

34. Defendants violated the IWPCA in that Defendants:

    a. Failed to pay Plaintiff all of his earned wages in a timely manner in violation of Sections 3 and 4 of the IWPCA; and

    b. Failed to pay Plaintiff his "final compensation" after their employment relationship terminated in the first week of September in violation of Sections 5 and 14 of the IWPCA.

35. As a direct and proximate result of Defendants' violations of the IWPCA, Plaintiff sustained damages arising out of the failure to receive his wages. Plaintiff made repeated demands to be fully compensated, and Defendants have refused to comply. As a result thereof, Plaintiff is entitled to an award of all of his wages due plus statutory penalties, interest, attorney's fees and costs of suit pursuant to Section 14 of the IWPCA. 820 ILCS 115/14.

WHEREFORE, Plaintiff respectfully request that judgment be entered in his favor and against C'ERA UNA VOLTA, INC., NICK DITRAPANI, and SALVATORE TRUPIANO for all amounts due Plaintiff for wages as that term is defined by the Illinois Wage Payment and Collection Act, plus all statutory penalties, pre- and post-judgment interest, attorney's fees and costs of suit as so authorized by Section 14 of the Act.

## COUNT II
### Violations of the Fair Labor Standards Act

36. The allegations of Paragraphs 1 through 29 are realleged as though fully set forth herein.

37. Under the FLSA, Anderson was entitled to be paid compensation for work performed by him in excess of 40 hours per week.

38. Defendants failed to compensate Anderson for work performed by him in excess of 40 hours per week.

39. Upon information and belief, Defendants' practices with respect to Anderson were not based on their review of any policy or publication of the United States Department of Labor and therefore were willful and deliberate.

40. Due to Defendants' violation of the FLSA, Anderson is entitled to recover from Defendants his unpaid compensation, liquated damages, prejudgment interest, reasonable attorneys' fees, and the costs of this action.

WHEREFORE, KEVIN ANDERSON respectfully requests that judgment be entered in his favor and against C'ERA UNA VOLTA, INC., NICK DITRAPANI, and SALVATORE TRUPIANO for a sum that will properly, adequately and completely compensate him for the nature, extent and duration of his damages, the costs of this action, and provides as follows:

    a. Declaratory judgment that Defendants willfully violated the overtime provisions of the FLSA;

      b.      An award of actual damages in the amount of unpaid overtime wages required by the FLSA;

      c.      An award of liquidated damages equal to Plaintiff's unpaid overtime compensation pursuant to the FLSA;

      d.      An award of prejudgment interest;

      e.      An award of Plaintiff's reasonable attorneys' fees as well as costs of this action; and

      f.      Any other relief that this Court deems necessary and proper.

## COUNT III
### Violations of the Illinois Minimum Wage Law

41.    The allegations of Paragraphs 1 through 29 are realleged as though fully set forth herein.

42.    Under the IMWL, Anderson was entitled to be paid compensation for work performed by him in excess of 40 hours per week.

43.    Defendants failed to compensate Anderson for work performed by him in excess of 40 hours per week.

44.    Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation to be paid to non-exempt employees.

45.    Due to Defendants' violation of the IMWL, Anderson is entitled to recover from Defendants his unpaid compensation, statutory penalties, reasonable attorneys' fees and the costs of this action.

      WHEREFORE, KEVIN ANDERSON respectfully requests that judgment be entered in his favor and against C'ERA UNA VOLTA, INC., NICK DITRAPANI, and SALVATORE TRUPIANO for a sum that will properly, adequately and completely compensate him for the nature, extent and duration of his damages, the costs of this action, and provides as follows:

      a.      Declaratory judgment that Defendants violated the overtime provisions of the IMWL;

      b.      An award of actual damages in the amount of unpaid overtime wages;

      c.      An award of statutory damages as provided by the IMWL;

      d.      An award of Plaintiff's reasonable attorneys' fees as well as costs of this action; and

      e.      Any other relief that this Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

Anderson demands a trial by jury on all issues so triable.

Respectfully Submitted,

KEVIN ANDERSON,

By: /s/ Joshua M. Feagans
      One of His Attorneys

Joshua M. Feagans, Esq. / 6286141
Griffin | Williams LLP
21 North Fourth Street
Geneva, IL 60134
Phe: (630) 524-2563
Fax: (630) 262-0644
E-Mail: jfeagans@gwllplaw.com